IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II, SANDRA K. HUSSAR, WAYNE A. HUSSAR, III, RUSTY A. HUSSAR, II,<br><br>Plaintiffs,<br><br>vs.<br><br>MAKAYLA Y. HUSSAR, CODY SMITH, MRS. SMITH,<br><br>Defendants. | Cause No. CV 23-120-BLG-SPW<br><br>ORDER |

On October 23, 2023, Wayne Hussar, filed the instant civil action on behalf of himself and other family members. (Doc. 1.) Hussar is currently incarcerated at Crossroads Correctional Center and is proceeding pro se.

Hussar stylizes his filing as an "Application for Writ" and cites to various state law provisions in the caption of the document. (*Id.* at 1.) Hussar then goes on to describe an altercation that occurred on July 18, 2022, in Yellowstone County, apparently between the collective Plaintiffs and the Defendants. (*Id.* at 1-2.) Hussar asks this Court to order the arrest of the Defendants and demand that criminal charges be filed against them. (*Id.* at 2.) He also seeks the return of property and monetary damages. (*Id.* at 2-3.)

1

To the extent the filing can be construed as a civil complaint, it violates Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]', 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

As a preliminary matter, Hussar has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). Such actions are initiated by the state, not by private citizens. *See e.g., Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987)("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). Accordingly, whatever wrongs Hussar asserts the Defendants have committed, these acts do not provide a basis for the Court's jurisdiction over the matter.

Additionally, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (citations and internal quotation marks omitted).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that arise under federal law and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for parties from different States.

*Id.* (alteration in original) (citations and internal quotation marks omitted). A plaintiff "properly invokes" subject-matter jurisdiction under § 1331 when he "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks and citation omitted).

Hussar cites to no federal law in his filing, only state law provisions. Given that Hussar has failed to assert a civil rights violation under an applicable *federal*

statute, this Court lacks subject matter jurisdiction over his claims. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

While dismissal of Hussar's filing is appropriate because this Court lacks jurisdiction and Hussar fails to state a claim upon which relief may be granted, this Court has the discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Amendment would be futile in the present case.

Further, should Hussar seek to file an action under 42 U.S.C. § 1983, he is reminded that he is subject to the three strikes provision of 28 U.S.C. § 1915(g), as he has filed more than three civil action which have been dismissed as frivolous or for failure to state a claim. *See e.g., Hussar v. Lewis and Clark County District Court*, Cause No. CV-19-12-H-BMM (D. Mont. March 19, 2019)(collecting cases). Consequently, for any future civil rights filings, Hussar will likely have to pay the full $402.00 filing fee, unless he is able to satisfy the imminent danger exception to section 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007).

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Hussar's complaint (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is additionally directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 2nd day of November, 2023.

Susan P. Watters
United States District Court